

NOT FOR PUBLICATION                                                                                   CLOSED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NAZARIO FABIOSA and NAOMI FABIOSA, Husband and Wife,<br><br>Plaintiffs,<br><br>v.<br><br>SUN TRUST MORTGAGE, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., LaSALLE BANK NA, WASHINGTON MUTUAL HOME LOANS,<br><br>Defendants. | Civil Action No.: 11-303 (PGS)<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on two motions: (1) Defendant Sun Trust Mortgage, Inc.'s ("Sun Trust") motion to dismiss ("Sun Trust's Motion to Dismiss"); and (2) Defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), LaSalle Bank NA, as Trustee for WMALT 2007-OA5 ("LaSalle"), and JPMorgan Chase Bank, N.A., as Acquirer of Certain Assets and liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation Acting as Receiver's ("Chase") motion to dismiss ("MERS, LaSalle, and Chase's Motion to Dismiss"). Sun Trust, MERS, LaSalle, and Chase all allege that this case is the same as *Victor & Nilda Almazan, et al. v. 1st 2nd Mortgage Company of NJ, Inc., et al.*, No. 10-1336 (D.N.J. filed Mar. 14, 2010), in which Plaintiffs Nazario Fabiosa and Naomi Fabiosa ("Plaintiffs") are listed as two of many plaintiffs. It is inefficient to have a duplicative effort over the same matter. Plaintiffs have not opposed either Sun Trust's Motion to Dismiss or MERS, LaSalle, and Chase's Motion to Dismiss.

In a similar circumstance, Judge Chesler recently explained the policy against duplicative applications:

> This Court has the authority to manage its docket to promote conservation of judicial resources and to prevent duplicative litigation. This authority comes from several sources. First, a federal court has the inherent power to dismiss a duplicative suit. . . . Second, a party has 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.' *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) . Third, the Third Circuit has stated:
>
>> [M]atters of docket control and conduct of discovery are committed to the sound discretion of the district court. We will not interfere with a trial court's control of its docket except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant.
>
> *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982). There are thus multiple justifications for dismissing [a] case as duplicative . . . .

*Unitronics, Inc. v. Robotic Parking Syss. Inc.*, 2010 WL 2545169, at *3 (D.N.J. June 18, 2010).

The policy as set forth by Judge Chesler controls. I have reviewed both cases and they are substantially the same.

IT IS on this 29th day of March, 2011,

ORDERED that Sun Trust's Motion to Dismiss (Docket Entry 6) is granted; and

ORDERED that MERS, LaSalle, and Chase's Motion to Dismiss (Docket Entry 9) is granted.

_____
PETER G. SHERIDAN, U.S.D.J.